UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national association; JOSEPH A. HOLMES, an individual; SONJA J. PALMER, an individual; and DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:13-cv-01153-APG-PAL<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

Plaintiff's motion for preliminary injunction was heard on July 23, 2013 at 2:00 p.m. Diana S. Cline, Esq. and Jacqueline A. Gilbert of Howard Kim & Associates appeared on behalf of Plaintiff SFR Investments Pool 1, LLC ("SFR"). Chelsea A. Crowton, Esq. of Wright Finlay & Zak LLP appeared on behalf of Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The court has considered the motion, the pleadings and papers on file herein, and the arguments of counsel.

The court hereby finds that SFR has met its burden for injunctive relief. Plaintiff has a substantial likelihood of success on the merits and will suffer irreparable harm if Wells Fargo continues with the non-judicial foreclosure proceedings before the conclusion of this litigation.

Before Wells Fargo filed its notice of removal, Plaintiff filed an application for temporary restraining order and motion for preliminary injunction, seeking to enjoin Defendant Wells Fargo, its successors, assigns and agents from continuing foreclosure proceedings, selling, transferring, or otherwise conveying the real property commonly known as **2650 Upland Bluff Drive, Las Vegas, NV 89142 Parcel No. 161-11-112-032** (the "Property"). On July 10, 2013,

this Court issued a temporary restraining order enjoining the trustee's sale scheduled for Friday, July 12, 2013 and required Plaintiff to post a $5,000 bond.

Plaintiff acquired title to the Property through a quit claim deed dated March 6, 2013 from Sunrise Highlands Community Association (the "Association"). According to a foreclosure deed recorded on February 14, 2013, the Association acquired title to the Property on June 27, 2012 at a publicly-held foreclosure auction pursuant to the powers conferred by the Nevada Revised Statutes 116 *et seq.* and a Notice of Delinquent Assessment (Lien), recorded on November 24, 2010.

Defendants Joseph A. Holmes and Sonja J. Palmer obtained title to the Property in August of 2007 through a Grant, Bargain, Sale Deed. On August 10, 2007, Wells Fargo recorded a deed of trust against the Property to secure a loan to Holmes and Palmer ("Deed of Trust"). A Notice of Default and Election to Sell pursuant to the terms of Deed of Trust was recorded on December 10, 2012. A Notice of Sale pursuant to the terms of the Deed of Trust was recorded on June 11, 2013.

Plaintiff argues that Wells Fargo's foreclosure of its Deed of Trust is improper because the July 27, 2013 foreclosure of the Association's lien containing super priority amounts extinguished the Deed of Trust. Wells Fargo argues that NRS 116.3116(2) establishes a "payment priority" that requires payment to the Association if a first security interest forecloses, but does not give the Association the ability to extinguish a first security interest through foreclosure of an Association's lien.

The court finds that NRS 116.3116 is clear, not ambiguous; therefore, the court need not look to the legislative history to interpret the statute.[1] Under NRS 116.3116(1), the Association has a lien on the Property for amounts including delinquent assessments. Pursuant to NRS 116.3116(4), the recording of the Association's declaration of covenants, conditions and

---

[1] Even if the court were to consider legislative history and other sources, the result would be the same. The court has considered the May 30, 2013 order issued by the Honorable Judge Jerome Tao in *First 100, LLC v. Burns, et al*, (Eighth Judicial District Court Case No. A-13-677693-C), which contains a detailed analysis of NRS 116.3116. The Court finds Judge Tao's analysis in that order persuasive.

restrictions on August 1, 2006 constituted perfection and record notice of the Association's lien. NRS 116.3116(2) provides that the entire Association Lien

> is prior to all other liens and encumbrances of unit except:
>
> (a) Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;
> (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent; and
> (c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

NRS 116.3116(2) further provides that a portion of the Association Lien has priority over a first security interest in the Property:

> [the Association Lien] is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]

The Association may foreclose on its lien, including the portion of its lien that has priority over a first security interest, through the procedures outlined in NRS 116.31162 through NRS 116.31168.

In this case, the Deed of Trust held by Wells Fargo is inferior to any super priority portion of the Association's lien. Therefore, the proper foreclosure of the Association's lien containing super priority amounts would have extinguished the Deed of Trust. Accordingly, Plaintiff has demonstrated a likelihood of success on the merits.

It is up to the Nevada Legislature, not this court, to decide whether the statutory scheme that allows a homeowners association lien to have priority over a first security interest is sound public policy. This court's obligation is to enforce the law as written, absent some statutory or constitutional infirmity.

IT IS HEREBY ORDERED that Defendant Wells Fargo Bank, N.A. and its agents are restrained and enjoined from continuing with foreclosure proceedings regarding (and from selling, transferring, or otherwise conveying) the real property commonly known as **2650**

1 **Upland Bluff Drive, Las Vegas, NV 89142 Parcel No. 161-11-112-032** (the "Property") until the conclusion of this litigation or further order of this court.

IT IS FURTHER ORDERED that the $5,000.00 bond posted by Plaintiff on July 11, 2013 as security for the temporary restraining order issued by this court on July 10, 2013 shall remain in place as security for this preliminary injunction. Plaintiff also shall post an additional security bond in the amount of $500.00 per month for each month that this injunction remains in place. The parties may stipulate to have the bond amounts deposited into an interest-bearing escrow or similar account, rather than into the court.

IT IS FURTHER ORDERED that Plaintiff shall maintain the Property including, but not limited to, paying all homeowners association assessments and taxes, and carrying hazard insurance in an appropriate amount. Plaintiff shall disclose to Wells Fargo the amount and coverage of that insurance. If, during the litigation, Wells Fargo believes the Property is not being properly maintained or protected, or that an additional bond amount is needed, it may seek appropriate relief from this court.

Dated this 25th day of July, 2013 at 8:15 a.m.

_____
UNITED STATES DISTRICT JUDGE