# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A., a national association, et al.<br><br>                    Defendants. | Case No. 2:13-cv-1153-APG-NJK<br><br>**ORDER DENYING SUMMARY JUDGMENT** |

Before the Court is Plaintiff SFR Investments Pool 1, LLC's ("SFR") Counter-Motion for Summary Judgment. [Dkt. #29.] Defendant Wells Fargo Bank N.A. ("Wells Fargo") filed an "Opposition" to that Counter-Motion, in which it improperly requested entry of judgment in its favor (which relief must be requested by a separate motion). [Dkt. #39 at 28:3-5.] The facts giving rise to this case are set out in greater detail in the Court's prior orders. For the reasons discussed below, both SFR's motion and Wells Fargo's request for judgment are denied.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "Viewing the evidence in the light most favorable to the non-moving party, the moving party has the burden to show that there are no genuine issues of material fact, and that it is entitled to judgment as a matter of law." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotations and citations omitted).

Where parties submit cross-motions for summary judgment, the court must consider each party's evidence, regardless under which motion the evidence is offered. *Fair Hous. Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001); *see also* William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 499 (Feb. 1992); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 335-36 (3d ed.1998) ("The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.").

### 1. SFR's Summary Judgment Motion

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

SFR's motion fails to offer admissible evidence which would entitle it to a directed verdict. Specifically, SFR has failed to show whether any (and if so, how much) of the HOA lien was entitled to super-priority status. SFR offers only the Declaration of Christopher J. Hardin (Dkt. #28-1), who swears that he is informed and believes "that the Property was subject to HOA dues from the Association," and "no individual or entity paid the full amount of delinquent assessments described in the HOA Lien and the Notice of Default, including the super-priority portion of the HOA Lien." Mr. Hardin has not laid the proper foundation for his statements. Moreover, this is not sufficient to establish that the HOA lien at issue in this case actually included assessments that would be entitled to super-priority status under Section 116.3116(2), rather than a priority that would be subordinated to other liens. Absent such proof, a genuine


Where parties submit cross-motions for summary judgment, the court must consider each party's evidence, regardless under which motion the evidence is offered. *Fair Hous. Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001); *see also* William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 499 (Feb. 1992); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 335-36 (3d ed.1998) ("The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.").

### 1. SFR's Summary Judgment Motion

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

SFR's motion fails to offer admissible evidence which would entitle it to a directed verdict. Specifically, SFR has failed to show whether any (and if so, how much) of the HOA lien was entitled to super-priority status. SFR offers only the Declaration of Christopher J. Hardin (Dkt. #28-1), who swears that he is informed and believes "that the Property was subject to HOA dues from the Association," and "no individual or entity paid the full amount of delinquent assessments described in the HOA Lien and the Notice of Default, including the super-priority portion of the HOA Lien." Mr. Hardin has not laid the proper foundation for his statements. Moreover, this is not sufficient to establish that the HOA lien at issue in this case actually included assessments that would be entitled to super-priority status under Section 116.3116(2), rather than a priority that would be subordinated to other liens. Absent such proof, a genuine

issue of material fact exists as to whether the HOA lien at issue, upon foreclosure, extinguished Wells Fargo's first position Deed of Trust. SFR has not shown that it is entitled to judgment as a matter of law, so its motion must be denied.

### 2. *Wells Fargo's Request for Judgment*

For a movant who does not carry the burden of proof at trial to prevail on summary judgment, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes*, 398 U.S. 144 at 159–60. Wells Fargo's motion does not meet the standard for entry of summary judgment.

Preliminarily, Wells Fargo's request for judgment is not properly before the Court as it was presented in an opposition to SFR's summary judgment motion. But even if the Court were to consider Wells Fargo's request on its merits, Wells Fargo has failed to meet its burden because there are several genuine issues of fact precluding summary judgment. For example, Wells Fargo argues that interpreting NRS Chapter 116 in a way that would extinguish its lien interest amounts to a due process violation because the statute does not require the HOA to give Wells Fargo notice. However, Wells Fargo has failed to establish that: (1) it did not receive any notice, (2) any notice the HOA provided was insufficient to put Wells Fargo on actual, constructive, or inquiry notice that its rights might be extinguished, and (3) Wells Fargo attempted to cure, or the HOA thwarted Wells Fargo's attempt to cure, the HOA's super-priority assessment. These unresolved facts, amongst others, are fatal to Wells Fargo's motion for summary judgment.

### 3. *Renewal of Motions*

The Court denies without prejudice SFR's motion and Wells Fargo's request for judgment. In the interest of judicial economy and to effectuate resolution of the case in an efficient manner, the parties are granted leave to file new motions for summary judgment within

14 days after the Nevada Attorney General intervenes in this case. If the Attorney General does not intervene by May 26, 2014, the parties may file such motions by June 2, 2014. The parties may seek to modify this deadline in connection with an appropriate Discovery Plan and Scheduling Order or by motion. As the Court has considered and is fully aware of the legal arguments of both sides, the parties may incorporate their legal arguments by reference rather than repeating their respective positions at length in the new motions.

I.  **CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Counter-Motion for Summary Judgment [Dkt. #29] is DENIED.

DATED THIS 26th day of March 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE