**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>Defendants. | Case No. 2:13-cv-01153-APG-PAL<br><br>**ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

This action originally was filed in Nevada state court. (Dkt. #1-2.) The complaint alleges that plaintiff SFR Investments Pool 1, LLC is a Nevada limited liability company, but it does not allege the citizenship of SFR's members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"); *see also, Americold Realty Trust v. Conagra Foods, Inc.*, --- S. Ct. ----, 2016 WL 854159, at \*3-5 (Mar. 7, 2016) (stating that for diversity purposes, an unincorporated entity "possesses its members' citizenship").

Defendant Wells Fargo Bank, N.A. removed the case to this court based on diversity jurisdiction. In its removal petition, Wells Fargo asserted that it is a citizen of South Dakota and Delaware. Wells Fargo believes that defendants Sonja Palmer and Joseph Holmes are Nevada residents, but Wells Fargo does not identify their citizenship. In its removal petition, Wells Fargo contended these two defendants were fraudulently joined because the homeowners association foreclosure sale would have extinguished their interests. However, Wells Fargo seeks to void that foreclosure sale, which may re-vest these defendants with an interest in the property. (Dkt. #88.)

Because the parties' citizenship was unclear, I ordered Wells Fargo to show cause why this action should not be remanded to state court. (Dkt. #97.) Wells Fargo responded that it does not oppose remand. (Dkt. #98.) SFR responded to the Order by asserting, "upon information and belief," that Holmes and Palmer are Nevada citizens, were not fraudulently named, and were

1 necessary parties. (Dkt. #99 at 1-2.)  As for its own citizenship, SFR states that it is owned,

2 through a series of LLCs, by a Canadian entity, Xiemen LP. (*Id.* at 2.)  SFR states that, "[u]pon

3 information and belief, none of Xieman LP's partners are citizens of the United States." (*Id.*)

4 SFR contends complete diversity exists and I should not remand.

5 As the party seeking to invoke this Court's jurisdiction, Wells Fargo bears the burden of

6 establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).  It has not

7 done so.  I therefore remand this action to state court.

8 **I. ANALYSIS**

9 Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*,

10 437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case

11 unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville*

12 *Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989).  "Federal jurisdiction must be rejected if there is any

13 doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

14 Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

15 Thus, courts "strictly construe the removal statute against removal jurisdiction." *Id.*  "The 'strong

16 presumption' against removal jurisdiction means that the defendant always has the burden of

17 establishing that removal is proper." *Id*.  Remand is required if the court lacks subject matter

18 jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d

19 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction

20 or for 'any defect' in the removal procedure").

21 Removal jurisdiction under 28 U.S.C. § 1441(a) gives federal district courts jurisdiction

22 over "any civil action brought in a State court of which the district courts of the United States

23 have original jurisdiction."  Federal district courts have original jurisdiction over civil actions in

24 diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where

25 the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires

26 complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than

27 each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

28

2

Here, neither Wells Fargo nor SFR has shown the citizenship of the plaintiff or of two of the defendants. This is not a case that is early in the proceedings "where the facts supporting jurisdiction are not reasonably ascertainable" by the party asserting jurisdiction. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (allowing citizenship allegations on information and belief at pleading stage where the facts about the defendants' citizenship were not readily available to the plaintiff). Rather, discovery has closed and both SFR and Wells Fargo have moved for judgment in their favor without establishing this court has jurisdiction in this matter. Moreover, it is unclear why SFR cannot state its own citizenship beyond "upon information and belief." This court is presumed to lack jurisdiction unless the contrary affirmatively appears, and doubts about removal jurisdiction are resolved in favor of remand. Additionally, the removing party bears the burden of establishing removal was proper and Wells Fargo has not met that burden here. Consequently, I remand this case to state court.

SFR's concern about the time and resources invested in litigating in this court are not without force. But allowing the parties to continue to litigate the matter here would further waste resources and ultimately end in a judgment that is subject to dismissal on appeal for lack of subject matter jurisdiction. *See Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013).

**II. CONCLUSION**

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED THIS 25th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE